FILED
CLERK

March 15, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUIS BURGOS,

                Plaintiff,

              -against-


TRUEACCORD CORP.,

                Defendant.
-------------------------------------------------------------X

**SUA SPONTE
REPORT AND
<u>RECOMMENDATION</u>**

23-CV-01453 (NRM) (JMW)

**APPEARANCES:**

David M. Barshay, Esq.
**Barshay, Rizzo & Lopez, PLLC**
445 Broadhollow Road
Suite CL18
Melville, NY 11747
631-210-7272
*Attorney for Plaintiff*

Stephen Jay Steinlight, Esq.
**Troutman Pepper Hamilton Sanders LLP**
875 Third Avenue
New York, NY 10022
212-704-6000
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Luis Burgos commenced this action on January 4, 2023, against Defendant

TrueAccord Corp. ("TrueAccord") in the District Court of the County of Suffolk asserting

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, as well

as claims for negligence, and negligent misrepresentation. (*See* DE 1-2.) Defendant filed a

Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 on February 24, 2023, removing the

action to the Eastern District of New York and asserting that this Court has jurisdiction pursuant

1

to 28 U.S.C. § 1331 due to Plaintiff's FDCPA claim and 28 U.S.C. § 1332 based on diversity of

citizenship.  (DE 1.)

Having reviewed the allegations referenced in the Notice of Removal, this Court issued

an Order to Show Cause on February 27, 2023, directing the Defendant to specify:

> Whether Plaintiff has alleged any concrete, particularized injury in fact from
> the statutory violations alleged in the Complaint and, if so, to set forth such
> alleged injury with particularity.

> If Plaintiff does not allege any such concrete injury, in light of the Supreme
> Court's decision in *TransUnion*, Defendant shall provide alternative authority
> or basis for the Court's subject matter jurisdiction.

(Electronic Order, dated Feb. 27, 2023.)

In sum, the Court sought information to determine whether, in light of the Supreme

Court's holding in *TransUnion LLC v. Ramirez*, 594 U.S. ___, 141 S. Ct. 2190, 2203 (2021),

Plaintiff had alleged concrete, particularized injury in fact from the statutory violations alleged in

the Complaint or any other basis sufficient to confer Article III standing and subject matter

jurisdiction in federal court.  On March 10, 2023, Defendant submitted its response in support of

the Court's jurisdiction over this action.  (DE 6.)  On March 13, 2023, Plaintiff submitted his

response arguing that Defendant has failed to carry its burden to establish that the Court has

jurisdiction (DE 7)..

## DISCUSSION

**A.  Article III Standing**

The U.S. Constitution confines federal courts to resolve only real cases and controversies.

U.S. Const. art. III.  To establish Article III standing, plaintiffs must show that they have suffered

concrete harm.  *TransUnion*, 141 S. Ct. at 2200; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

(1992); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021). The

most obvious harms are tangible monetary or physical harms.  *See Spokeo, Inc. v. Robins*, 578

U.S. 330, 340 (2016). But harms need not always be tangible in nature. *See TransUnion LLC*, 141 S. Ct. at 2208 (finding plaintiffs sufficiently alleged standing in a Fair Credit Reporting Act case because TransUnion LLC had provided third parties with the credit report). However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.*

"District courts following *TransUnion* and *Maddox* assessing claims brought pursuant to . . . the FDCPA . . . have uniformly held that absent specific evidence of reputational or monetary harm, plaintiffs lack constitutional standing." *Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380 (KMK), 2022 WL 862254, at *7 (S.D.N.Y. Mar. 23, 2022) (collecting cases); *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-CV-1156 (PKC) (CLP), 2022 WL 1124828, at *2–4 (E.D.N.Y. Apr. 14, 2022) (dismissing the plaintiff's FDCPA claim where the plaintiff's claims of emotional distress, confusion and reliance concerning a debt collection letter were not sufficient concrete injuries); *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134 (E.D.N.Y. 2021) (dismissing the plaintiffs' FDCPA claims for lack of Article III standing where the plaintiffs did not sufficiently allege concrete injuries).

### B. Application

Plaintiff correctly asserts that the party seeking removal to federal court bears the burden of proving jurisdictional requirements, such as Article III standing. (DE 7 (citing *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).) Plaintiff complains of a violation of both the FDCPA and asserts claims for negligence and negligent misrepresentation. (DE 1-2.) Plaintiff's allegations are based on emails Defendant allegedly sent to Plaintiff attempting to collect debt because it purchased Plaintiff's account with Credit One Bank, N.A. (*See* DE 1-2.)

3

Defendant essentially argues that it has properly removed this case to federal court because of Plaintiff's alleged injury under the negligence related claims.  (DE 6 at 2.)  Defendant avers that Plaintiff's claims for negligence and violation of the FDCPA stem from many of the same allegations of alleged misconduct.  (DE 6 at 2.)  Defendant points to Plaintiff's allegation "that as a direct and proximate result of Defendant's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary and punitive damages."  (DE 6 at 3.)  Furthermore, Defendant emphasizes that Plaintiff's cause of action for negligence requires Plaintiff to allege that Plaintiff suffered an injury caused by the alleged breach of duty.  (DE 6 at 3.)

Defendant asks this Court to exercise subject matter jurisdiction over this action because Plaintiff *believes* that they have actually been harmed by Defendant.  (DE 6 at 3.)  Defendant misinterprets the legal standard.  Whether Plaintiff's subjective belief that Defendant has caused them an actual, compensable harm is wholly irrelevant.  Instead, non-conclusory allegations supporting concrete harm are required.  In his reply, Plaintiff correctly notes that courts in this circuit have held that just because a plaintiff has *alleged* actual damages does not mean that subject matter jurisdiction is automatically conferred.  (DE 7 at 2  (collecting cases).)

Here, Defendant has failed to make the necessary showing.  Plaintiff alleges in his complaint that Defendant violated sections 1692(d), 1692(e), 1692(f), and 1692(g) of the FDCPA through various behaviors.  (*see* DE 1-2 at ¶ 77.)  Plaintiff requests statutory damages plus costs and attorney's fees, as provided for by section 1692 of the FDCPA.  (DE 1-2 at ¶ 78.)  The bare allegations that Defendant violated the FDCPA are insufficient to allege standing pursuant to *TransUnion* and *Maddox*.  *See Williams v. Portfolio Recovery Assocs., LLC*, No. 21-

4

CV-5656 (DRH), 2022 WL 256510 at *3 (E.D.N.Y. Jan. 27, 2022) (remanding FDCPA claims

due to lack of subject matter jurisdiction).

Nor are Plaintiff's claims of confusion "as to whether he still had the right to dispute the

debt or request verification of the debt" a sufficient concrete harm.  (DE 1-2 at ¶ 56.)  *See*

*Steinmetz v. Fin. Recovery Servs., Inc.*, No. 21-CV-05981 (BMC), 2022 WL 2441239, at *4

(E.D.N.Y. July 5, 2022) (holding that plaintiff's allegation that he "was confused and misled to

his detriment" by the defendant's collection efforts was insufficient to show standing);

*Schmelczer v. Penn Credit Corp.*, No. 20-CV-2380 (KMK), 2022 WL 862254, at *8 (S.D.N.Y.

Mar. 23, 2022) (holding that plaintiff's claims of confusion and concern stemming from a debt

collection letter were insufficient to establish a concrete injury sufficient to confer Article III

standing).

Finally, Plaintiff's claims of future harm also fail to establish a concrete injury.  Plaintiff

complains that absent Court intervention, Defendant would *ultimately* cause Plaintiff

unwarranted economic harm, *ultimately* cause harm to Plaintiff's credit score rating, and

*ultimately* cause Plaintiff to be sued.  (DE 1 -2 at ¶¶ 63–65.) (emphasis added.)  The fact that no

injury has yet materialized from these claims is clear.  Thus, absent a materialized injury, these

speculative complaints of potential future harm cannot constitute a concrete harm.  *See*

*TransUnion LLC*, 141 S. Ct. at 2211 ("[I]n a suit for damages, the mere risk of future harm,

standing alone, cannot qualify as a concrete harm.").

Conclusory allegations of injury and nebulous claims of harm, like the ones found in

Plaintiff's Complaint, are insufficient to confer Article III standing.  *See Maddox*, 19 F.4th at 65

("True, the Maddoxes may have suffered a nebulous risk of future harm . . . but that risk, which

was not alleged to have materialized, cannot form the basis of Article III standing.").

5

Accordingly, the allegations in Plaintiff's Complaint fail to "plead enough facts to make it plausible that [plaintiff] did indeed suffer the sort of injury that would entitle them to relief" for the purposes of Article III jurisdiction." *Maddox*, 19 F.4th at 65.  Therefore, Plaintiff's allegations do not satisfy the injury-in-fact requirement of Article III and the Court lacks subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Defendant has failed to show that Plaintiff alleges a concrete, particularized injury to support Article III standing.  Accordingly, it is respectfully recommended to the Hon. Nina R. Morrison that the case be remanded to the District Court of the County of Suffolk for lack of subject matter jurisdiction.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan &*

*Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
      March 15, 2023


/s/ *James M. Wicks*
     JAMES M. WICKS
   United States Magistrate Judge